UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

EDGAR COUNTY
WATCHDOGS, INC, KIRK
ALLEN, JOHN KRAFT and
ALYSSIA BENFORD,

        **Plaintiffs,**

v.                                                               Case No: 5:21-cv-302-PGB-PRL

BONNIE KUROWSKI,
ILREPORTER, LLC, FIGHT FOR
IL, INC and ERIK PHELPS,

        **Defendants.**
_____/

## ORDER

      This cause comes before the Court *sua sponte*. For the reasons set forth below, Plaintiffs' Complaint is dismissed without prejudice as a shotgun pleading.

      This dispute stems from the Plaintiffs' reporting of the news online and Defendants' allegedly defamatory statements regarding that reporting. (Doc. 1, ¶ 19). Plaintiff Edgar County Watchdogs, Inc. ("**ECW**") publishes news related to Illinois public officials and government conduct. (Doc. 1, ¶ 1). Plaintiffs Kirk Allen and John Kraft are the primary authors for ECW articles. (*Id.* ¶ 3). Plaintiff Alyssia Benford is an Illinois accountant swept up in Defendants' online commentary regarding the Plaintiffs. (*Id.* ¶¶ 9, 31–32, 35–37).

      Defendants also report and publish news, but their primary focus is on the conduct of Plaintiffs ECW, Allen, and Kraft. (*Id.* ¶ 26–27). Defendants Bonnie

Kurowski and Erik Phelps formed two Florida limited liability companies—IL Reporter, LLC and Fight for IL, LLC (also Defendants here)—which have created a website and run seminars on Plaintiffs' conduct. (*Id.* ¶¶ 10–14, 26–34, 62–65). Defendant Kurowski is further alleged to have made several statements and publications regarding Plaintiffs on social media. (*Id.* ¶¶ 35–66).

Plaintiffs take issue with the content, form, and purpose of Defendants' reporting as well as some of their related actions. (*See id.* ¶ 19). Specifically, Plaintiffs bring claims of Commercial Discrimination (Count I), Defamation (Count II), Libel (Count III), and Intentional Infliction of Emotional Distress (Count IV) against Defendants Bonnie Kurowski, IL Reporter, LLC, Fight for IL, Inc., and Erik Phelps. (*Id.*). Defendants moved to dismiss the complaint for failure to state a claim (Doc. 17), but the Court now acts *sua sponte* to dismiss the complaint as a shotgun pleading.

"The Court has an independent obligation to dismiss a shotgun pleading." *Ain Jeem, Inc. v. Individuals, P'ships, and Unincorporated Ass'ns Identified on Schedule A*, No. 8:21-cv-1331, 2021 WL 2941735, at *1 (M.D. Fla. July 13, 2021). "'If, in the face of a shotgun complaint, the defendant does not move the district court to require a more definite statement, the court, in the exercise of its inherent power, must intervene sua sponte and order a repleader.'" *Id.* (quoting *McWhorter v. Miller, Einhouse, Rymer & Boyd, Inc.*, No. 6:08-cv-1978, 2009 WL 92846, at *2 (M.D. Fla. Jan. 14, 2009)); *see Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir.

2018) (per curiam)[1] (affirming the district court's sua sponte dismissal of a shotgun pleading).

There are four categories of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint "that commits the sin of not separating into a different count each cause of action or claim for relief"; and (4) a complaint that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Here, the fourth category of shotgun pleadings is implicated. While it is possible for a complaint to "aver that all defendants are responsible for the alleged conduct," the facts alleged and incorporated into any given Count must not be too vague or conclusory. *Kyle K. v. Chapman*, 208 F.3d 940, 944 (11th Cir. 2000) ("The fact that defendants are accused collectively does not render the complaint

---

[1] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

deficient" as long as "[t]he complaint can be fairly read to aver that all defendants are responsible for the alleged conduct."); *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 164 (11th Cir.1997) (describing a complaint that "offered vague and conclusory factual allegations in an effort to support a multiplicity of discrimination claims leveled against 15 defendants" as a "prototypical 'shotgun complaint'"). In other words, each specific Defendant must be able to "fairly read" the complaint in a way that gives them understanding of what they are alleged to have done which now gives rise to the specific claim against them. *See Chapman*, 208 F.3d at 944.

In this case, at least Defendant Phelps—as one of four Defendants—is left with insufficient notice regarding how his specific actions gave rise to Counts II, III, and IV. Phelps is mentioned only a couple times in the Complaint. First, his citizenship and residency are described. (Doc. 1, ¶ 11). Second, Phelps is alleged to be a director of the two Defendant entities—Fight for IL, Inc. and IL Reporter, LLC—and to use them to disseminate false statements about Plaintiffs. (*Id.* ¶¶ 14, 25). Third, Defendants again level a conclusory allegation that Phelps has published defamatory statements about Plaintiffs, but it is not clear which statements are attributable to him, or if he has made these statements through the Defendant entities only or in his individual capacity. (*Id.* ¶ 18). In contrast, allegations against Defendant Kurowski in her individual capacity are repeatedly detailed. (*Id.* ¶¶ 21–25, 32, 35–61, 68, 71–72). Count II brings a defamation claim but insufficiently specifies which Defendants made which allegedly defamatory

4

statements. For example, many of the statements in the incorporated paragraphs were made by Defendant Kurowski in her individual capacity, but Count II is brought against all Defendants. More to the point, Defendant Phelps is never alleged to have specifically contributed to the statements made by the Defendant entities of which he is a director. The same is true of Count III's libel claims. Finally, the underlying alleged facts related to Count IV's Intentional Infliction of Emotional Distress claim cannot be fairly attributed to Defendant Phelps—the facts in question appear to relate to Defendant Kurowski's actions only—yet Plaintiffs still bring generic allegations against all Defendants. In sum, the Complaint is a textbook example of the fourth category of shotgun pleadings.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's claims (Doc. 1) are sua sponte **DISMISSED WITHOUT PREJUDICE**;

2. Defendants' Motion to Dismiss (Doc. 17) is **DENIED WITHOUT PREJUDICE AS MOOT**;

3. On or before February 23, 2022, Plaintiffs may file an Amended Complaint provided they can do so consistent with the directives of this Order and Rule 11. Specifically, Plaintiffs must assert which Defendants they are making claims against for each Count. If Plaintiffs are making claims against all Defendants, then Plaintiffs must allege specific facts which implicate the specific behavior of each Defendant giving rise to the claim at issue.

**DONE AND ORDERED** in Orlando, Florida on February 8, 2022.

_____
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties