# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**EDGAR COUNTY WATCHDOGS, INC, KIRK ALEN, JOHN KRAFT and ALYSSIA BENFORD,**

        **Plaintiffs,**

v.                                             Case No: 5:21-cv-302-PGB-PRL

**BONNIE KUROWSKI,**

        **Defendant.**
_____/

## ORDER

This cause comes before the Court on Defendant's Motion to Strike or, in the alternative, Defendant's Motion to Dismiss for Failure to State a Claim (Doc. 42 (the "**Motion**")) filed on March 21, 2022. Pursuant to Local Rule 3.01(c), opposing parties have twenty-one days to respond to a motion to dismiss, but if an opposing party does not timely respond, "the motion is subject to treatment as unopposed." Plaintiffs have not timely responded to Defendant's Motion, so the Motion is subject to treatment as unopposed.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.     Defendant's Motion (Doc. 42) is **GRANTED**:

      a.    The Court **FINDS** that the First Amended Complaint (Doc. 41) violates Rule 12(e);[1]

      b.    The First Amended Complaint (Doc. 41) is **DISMISSED WITHOUT PREJUDICE**;

2. On or before **March 28, 2022**, Plaintiffs may file a second amended complaint consistent with the directives of this Order, if they believe they can do so in accordance with Rule 11 and Rule 12(e). Failure to timely file a second amended complaint will result in dismissal of this entire action **with prejudice**.

**DONE AND ORDERED** in Orlando, Florida on March 21, 2022.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] By not timely responding to Defendants' Motion (Doc. 42), Plaintiffs do not oppose that the First Amended Complaint violates either Rule 12(e) or Rule 12(b)(6). In other words, the Plaintiffs appear to admit that the First Amended Complaint is full of vague, ambiguous, redundant, immaterial, or otherwise impertinent allegations such that Defendant cannot reasonably prepare a response. (*Id.* at pp. 2–6). In the alternative, Plaintiffs appear to concede that their claims are not viable as a matter of law. (*Id.* at pp. 6–25). If the former, Plaintiffs may replead, but they are advised that such a repleading must comply with Rule 12(e) such that the second amended complaint does not contain vague, ambiguous, "redundant, immaterial, [or] impertinent" matters; in particular, Plaintiffs must specify exactly which statements made by Defendant are alleged as defamatory as to exactly which Plaintiff. If the latter, Plaintiffs need not take any action, and the Court will dismiss this action with prejudice in due course.