## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**EDGAR COUNTY WATCHDOGS,
INC, KIRK ALEN, JOHN KRAFT and
ALYSSIA BENFORD,**

     **Plaintiffs,**

**v.**　　　　　　　　　　　　　　　　　　**Case No: 5:21-cv-302-PGB-PRL**

**BONNIE KUROWSKI,**

     **Defendant.**

_____

### CORRECTED ORDER[1]

Previously, the Court granted Defendant Bonnie Kurowski's second motion to compel production of documents and her request for reasonable expenses, including attorney's fees, incurred in making the motion. (Doc. 63). Defendant was directed to file an affidavit supporting her motion for reasonable expenses, following which Plaintiffs Kirk Allen, Alyssia Benford, and Edgar County Watch Dogs, Inc., were permitted seven days within which to file any objections to the expenses and fees sought. (Doc. 63).

Gary Edinger, counsel for Defendant, filed an affidavit in support of the request for reasonable expenses, including attorney's fees. (Doc. 65). Defendant requests an award of $2,100 in attorney's fees, consisting of 5.70 hours of attorney time spent on the discovery dispute associated with Defendant's second motion to compel and 0.50 hours spent filing the affidavit. (Doc. 65 at 6). The request is based on counsel's hourly fee of $350.00 per hour. (Doc. 65 at 5). Defendant's request is further supported by counsel's time billing worksheets.

_____

[1] This Order includes a correction of a scrivener's error found on page five of the Court's Order entered on January 9, 2023. (Doc. 66).

(Doc. 65-1). Plaintiffs have not filed any objections or responded to Defendant's affidavit, and the time for responding has expired.

## I.   DISCUSSION

While the Court has determined that Defendant has a right to recover attorney's fees associated with the motion to compel from Plaintiffs Kirk Allen, Alyssia Benford, and Edgar County Watch Dogs, Inc., the Court has a corresponding duty to ensure that such an award is reasonable. Because Plaintiffs failed to file a response in opposition to Defendant's affidavit, the Court lacks the benefit of the scrutiny and analysis of the requested fees from the opposing party. *See, e.g., Godoy v. New River Pizza, Inc.*, 565 F. Supp. 2d 1345, 1347 (S.D. Fla. 2008) (noting that the adversarial process normally aids the court in determining whether amount of attorney's fees requested is reasonable).

In determining a reasonable attorney's fee, the Court applies the federal lodestar approach which is calculated by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate for the services provided by counsel for the prevailing party. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Once the court has determined the lodestar, it may adjust the amount upward or downward based upon a number of factors, including the results obtained. *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988). "Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting *Hensley*, 461 U.S. at 436). Additionally, the Court is "an expert on the question [of attorney's fees] and may consider its

own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman,* 836 F.2d at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

### A. Reasonableness of Hours Expended

First, the Court must determine the number of hours reasonably expended on the litigation. The attorney fee applicant should present records detailing the amount of work performed and "[i]nadequate documentation may result in a reduction in the number of hours claimed, as will a claim for hours that the court finds to be excessive or unnecessary." *Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985). Then, the fee opponent "has the burden of pointing out with specificity which hours should be deducted." *Rynd v. Nationwide Mutual Fire Ins. Co.,* No. 8:09-cv-1556-T-27TGW, 2012 WL 939387, at *3 (M.D. Fla. January 25, 2012) (quoting *Centex-Rooney Const. Co., Inc. v. Martin County*, 725 So.2d 1255, 1259 (Fla. 4th DCA 1999). Attorneys "must exercise their own billing judgment to exclude any hours that are excessive, redundant, or otherwise unnecessary." *Galdames v. N&D Inv. Corp.*, 432 F. App'x 801, 806 (11th Cir. 2011). A court may reduce excessive, redundant, or otherwise unnecessary hours, or may engage in "an across-the-board cut," so long as the court adequately explains its reasons for doing so. *Id.*

Here, Defendant seeks compensation for attorney's fees associated with the motion to compel (5.70 hours) and an additional 0.50 hours for filing the affidavit. The request is supported by counsel's affidavit and attorney time records. Meanwhile, Plaintiffs have not objected to the hours sought. Under the circumstances presented here, the Court finds that the 6.20 hours of total time sought is recoverable as reasonable and necessary.

**B.      Reasonableness of Hourly Rate**

Next, the Court must determine the reasonable hourly rate which is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman,* 836 F.2d at 1299. The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with the prevailing market rates. *Id*. The trial court, itself, is an expert on the question of the reasonableness of fees and may consider its own knowledge and experience. *Id*. at 1303.

Here, Defendant requests that she be awarded attorney's fees based on an hourly rate of $350.00 per hour for Mr. Edinger's time. The hourly rate claimed is supported by Mr. Edinger's affidavit detailing his experience and stating that $350.00 is the standard rate charged by his firm for representation in the Middle District of Florida. (Doc. 65 at 8). Plaintiffs have made no objection to the hourly rate claimed.

Based on the Court's own experience and familiarity with rates in the Ocala Division, the Court finds that the requested rate is not inconsistent with prevailing market rates for similar cases. Having considered the information provided about counsel, the relative complexity of the case and issues, the Court's knowledge of market rates in this Division, and Plaintiffs' lack of objection, the Court finds that the hourly rate of $350 per hour is reasonable. *See Norman*, 836 F.2d at 1303. ("The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."); *Scelta v. Delicatessen Support Serv., Inc.*, 203 F.Supp.2d 1328, 1331 (M.D. Fla. 2002) ("the court may use its own expertise and judgment to make an appropriate independent assessment of the value of an attorney's services.").

In summary, Defendant has requested a total of $2,170 in attorney's fees associated with Defendant's second motion to compel, consisting of 6.20 hours of attorney time at the rate of $350.00 per hour for counsel Gary Edinger. Plaintiffs have made no objection to the request, whether to the reasonableness of the hours, the rate, or otherwise. Accordingly, the undersigned finds that Defendant is entitled to the fees in the amount requested.

## II.    CONCLUSION

Upon due consideration, Plaintiffs Kirk Allen, Alyssia Benford, and Edgar County Watch Dogs, Inc., shall remit payment to Defendant Bonnie Kurowski within **ten days** of this Order in the amount of **$2,170** which represents the reasonable expenses, including attorney's fees associated with Defendant's second motion to compel.

**DONE** and **ORDERED** in Ocala, Florida on January 11, 2023.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 5 -